IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD MULIEK KEARNEY, | No. 4:24-CV-01813 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT CLOSE, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

**JANUARY 6, 2025**

Petitioner Richard Muliek Kearney is currently serving an aggregate sentence of 204 to 408 months' incarceration imposed by the Court of Common Pleas of Fulton County, Pennsylvania.[1] In October 2024, Kearney filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which appears to collaterally attack his 2012 state-court convictions and sentence.[2] Kearney, however, has already filed one such petition in federal court that was adjudicated and denied on the merits.[3] Because Kearney has not obtained permission from the appropriate court of appeals to file a second or successive

---

[1] *See Commonwealth v. Kearney*, 92 A.3d 51, 58 (Pa. Super. Ct. 2014).
[2] *See* Doc. 1 at 1.
[3] *See Kearney v. Smith*, 4:21-cv-01636, Docs. 31, 32 (M.D. Pa. Sept. 22, 2022), *certificate of appealability denied*, No. 22-2996 (3d Cir. Feb. 22, 2023).

Section 2254 petition, this Court must dismiss the instant petition for lack of jurisdiction.[4]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes strict limitations on filing second or successive habeas corpus petitions in federal court.[5] Of particular relevance for Kearney's instant petition, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed" unless the petitioner can satisfy one of two narrow exceptions.[6] Those exceptions are either (1) reliance on a previously unavailable "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"; or (2) new facts that could not previously have been discovered by due diligence which would establish "by clear and convincing evidence that, but for constitutional error," no reasonable juror would have found the petitioner guilty.[7] However, even if a petitioner can potentially meet one of these exacting preconditions, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive] application."[8]

---

[4] *See* 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").
[5] *See generally* 28 U.S.C. § 2244.
[6] *Id.* § 2244(b)(2) (emphasis added); *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).
[7] 28 U.S.C. § 2244(b)(2)(A)-(B).
[8] *Id.* § 2244(b)(3)(A).

Kearney's second Section 2254 petition is difficult to follow. He appears to contend that the sentencing court made an error in his judgment of sentence and that he petitioned the Pennsylvania Commonwealth Court in October 2023 to issue a writ of mandamus to correct this error.[9] He avers that the Commonwealth Court transferred his petition for a writ of mandamus to the Supreme Court of Pennsylvania, and the Pennsylvania Supreme Court denied the mandamus petition in September 2024.[10] Kearney appears to assert that he can "appeal" in this Court the Pennsylvania Supreme Court's denial of his petition for a writ of mandamus.[11]

The Court need not attempt to determine the justiciability of Kearney's habeas petition or the substance of his underlying claim of state-court error. Under the AEDPA, this Court simply does not have jurisdiction to entertain Kearney's second or successive Section 2254 petition.[12] If he desires to press a new post-conviction claim in this Court that was not raised in his initial Section 2254 petition, he must first obtain authorization from the United States Court of Appeals for the Third Circuit before filing such a second or successive habeas petition in

---

[9] *See* Doc. 1 at 3-6.
[10] *Id.*; Doc. 1-3.
[11] *See* Doc. 1 at 6.
[12] *See Burton v. Stewart*, 549 U.S. 147, 157 (2007). Although Kearney asserts that he is seeking federal habeas review of the denial of his petition for a writ of mandamus, (*see* Doc. 1 at 6, 13), the gravamen of his state-court mandamus petition is a collateral attack on his 2012 convictions and sentence. Kearney, however, has already filed a Section 2254 petition in this Court collaterally attacking those convictions, so he cannot file another such petition without leave from the appropriate court of appeals.

this Court.[13]  Therefore, because it is clear that subject matter jurisdiction is lacking, the instant Section 2254 petition must be dismissed.[14]

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Kearney's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for lack of subject matter jurisdiction.  The Court declines to transfer the petition to the court of appeals, as Kearney's petition does not appear to meet the strict gatekeeping requirements of 28 U.S.C. § 2244(b)(2).

2. A certificate of appealability shall not issue, as Kearney has not made a substantial showing of the denial of a constitutional right, s*ee* 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this Court's procedural rulings are correct, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3. Kearney's motion (Doc. 7) to stay proceedings is **DISMISSED** as moot in light of paragraph 1 above.

4. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[13]  28 U.S.C. § 2244(b)(3)(A).
[14]  *Burton*, 549 U.S. at 157; *Benchoff v. Colleran*, 404 F.3d 812, 820-21 (3d Cir. 2005).